CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 02 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOMINIQUE HERMAN ADAMS, | ) | CASE NO. 7:15CV00562 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CAPTAIN N. P. COPE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Dominique Herman Adams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials denied him his lunch and dinner meals and beverages on one occasion and sprayed cleaner on his genitals. He seeks monetary damages for this alleged cruel and unusual punishment. After review of the record, the court concludes that this civil action must be summarily dismissed.

I.

Adams is incarcerated at Wallens Ridge State Prison. He alleges that on July 30, 2015, he told Officer Barker that he wanted to clean his cell and received a bottle of chemical spray cleaner through his tray slot. After using the spray to clean his cell, Adams handed the bottle back to Barker through the tray slot. At that time, he asked Barker if he could get a haircut. Barker allegedly told him to talk to someone else and then sprayed Adams with the spray cleaner in his genital area. Adams was wearing only state-issued boxer shorts. Adams backed away from the tray slot and pressed the emergency button in his cell.

Officers Smith and Light came to his cell to investigate. They asked Adams why he had used vulgar language and threatened to throw piss on whoever next opened his tray slot. Adams

denied these actions. The officers told Adams that because of his threat, he would not eat for the rest of the day.

At lunch time, Officers Crusenberry and Long were feeding inmates in Adams' pod. Crusenberry asked if Adams was saving cups to throw piss on people. Adams said, "No," and showed the officer that the cups in his cell contained toothpaste, body wash, spoons, salt, and pepper. The officer told Adams to go sit on his bunk if he wanted to eat. Adams did so, but the officer said, "You're not eating today."

Smith later served Adams with a disciplinary charge for refusing to obey direct orders to sit on his bunk as required to receive a meal tray and for threatening, with vulgar language, to throw a cup of piss on someone through his tray slot. Because of the charges, Officer Stidham refused to serve Adams his dinner tray. Officers working the next shift entered Adams' cell and disposed of his cups. Adams denied making any such threat or using vulgar language and complains that the disciplinary hearing was unfair. Nevertheless, he was convicted of the offenses. Adams sues several Wallens Ridge officers, seeking monetary damages and certain policy changes.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or rests on "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under §1983, a plaintiff must establish that he
2

has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a constitutional claim regarding past conditions of confinement, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

At the most, Adams alleges that a defendant allegedly sprayed his boxer shorts with cleaning solution and deprived him of two meals and drinks. He simply states no facts suggesting that these conditions and actions caused him any physical harm whatsoever. Accordingly, the court can find no factual basis for an Eighth Amendment claim against anyone.

Adams also complains about disciplinary charges and proceedings. An inmate's federally protected liberty "interests are limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [1] nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). If a disciplinary proceeding results in a penalty that did not impose atypical hardship on him, then he has no federally protected liberty interest and no constitutional claim regarding the

---

[1] Adams states no facts on which the court could find under Sandin that the defendants' actions violated his substantive due process rights. Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) ("[C]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.").

3

disciplinary proceedings. Id. at 486-87. A state official's failure to abide by state procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Adams' allegations do not give rise to any § 1983 due process claim. During the disciplinary hearing, he could have presented his evidence that the charges were false. Moreover, he does not allege suffering any hardship as a result of the disciplinary convictions, and as such, fails to show that any liberty interest was implicated that required federal due process protections. Similarly, his contention that the initial charges were false cannot state a § 1983 claim, absent a showing that a federally protected interest was affected in the proceedings. See, e.g., Richardson v. Ray, 492 F. App'x 395, 396 (4th Cir. 2012). Finally, the defendants' alleged failure to comply with state disciplinary regulations does not provide a factual basis for any federal claim actionable under § 1983.

### III.

For the stated reasons, the court concludes that Adams has not stated facts giving rise to any constitutional claim. Therefore, the court will summarily dismiss the action under § 1915A(b)(1) as frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of December, 2015.

_____
Chief United States District Judge